IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CONSOLIDATION RESOURCE CENTER, INC., ) <br> ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> _____/ | CIVIL ACTION NO.: <br><br><br><br> <u>COMPLAINT</u> <br><br> <u>JURY TRIAL DEMAND</u> <br> <u>INJUNCTIVE RELIEF SOUGHT</u> |

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Laretha Dortch-Lord, Kaymi Elder-Manning, Aisha Larry, Tiffany Bowers, and similarly situated individuals who were adversely affected by such practices. As stated with greater particularity in paragraph 7, the Commission alleges that Laretha Dortch-Lord, Kaymi Elder-Manning, Aisha Larry, Tiffany Bowers, and similarly situated individuals were subjected to sexual and gender based harassment by the *alter ego* of the Defendant corporation, owner Vincent Lawrence, which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. The Commission further alleges that Defendant retaliated against Laretha Dortch-Lord for opposing the sexual harassment and for filing a charge with the Commission by discharging her from her employment; that Defendant retaliated against Kaymi-Elder

1

Manning for opposing Defendant's illegal practices by discharging her from her employment; that Defendant retaliated against Aisha Larry for complaining internally of sexual harassment and for filing a charge with the Commission by forcing her to resign from her position; and that Defendant retaliated against Tiffany Bowers for opposing Defendant's illegal practices by discharging her from her employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Florida corporation, has continuously been doing business in Pinellas County, Florida and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Laretha Dortch-Lord, Kaymi Elder-Manning, Aisha Larry and Tiffany Bowers, filed charges with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February of 2002, Defendant Employer engaged in unlawful employment practices in violation of Section 703(a) and Section 704(a) of Title VII, 42 U.S.C. §2000e-2(a) and §2000e-3(a).

   a. Defendant subjected Laretha Dortch-Lord, Kaymi Elder-Manning, Aisha Larry, Tiffany Bowers, and similarly situated individuals to an intimidating, offensive and hostile work environment permeated with sexual favoritism towards female employees who succumbed to owner and President Vincent Lawrence's sexual advances. Vincent Lawrence is the Defendant's *alter ego* and as such Defendant is liable for the sexually hostile work environment created towards female employees.

   b. Laretha Dortch-Lord was subjected to sexual harassment by Defendant's owner and President Vincent Lawrence in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. The conduct included, but was not limited to, inappropriate sexual and gender based comments, and touching of her breasts. Vincent Lawrence is the Defendant's *alter ego* and as such Defendant is liable for the

        sexual harassment.

c.   Defendant terminated Laretha Dortch-Lord for her refusal to submit to Vincent Lawrence's unlawful sexual advances and also in retaliation for filing a charge with the Commission alleging sexual harassment.

d.   Kaymi Elder-Manning was subjected to sexual harassment by Defendant's owner and President Vincent Lawrence in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. The conduct included, but was not limited to, inappropriate sexual and gender based comments such as "what I would not do to have those legs wrapped around me", "girl, being with you would make me feel 10 ten years younger" and "if you were my woman, I would take care of you"; requests for sex; and fondling/touching of her breasts and buttocks. Vincent Lawrence is the Defendant's *alter ego* and as such Defendant is liable for the sexual harassment.

e.   Defendant terminated Kaymi Elder-Manning in retaliation for her opposition to and/or participation in protected activity against Defendant's illegal practices during the pendency of another female employee's sexual harassment charge with the EEOC against the Defendant.

f.   Aisha Larry was subjected to sexual harassment by Defendant's owner and President Vincent Lawrence in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to

       constitute an intimidating, hostile and offensive work environment. The conduct included, but was not limited to, repeated requests for sex, inappropriate sexual and gender based comments; and fondling/touching of her breasts and body. Vincent Lawrence is the Defendant's *alter ego* and as such Defendant is liable for the sexual harassment.

g. Defendant retaliated against Aisha Larry for her refusal to submit to Vincent Lawrence's unlawful sexual advances and also for filing a charge with the Commission alleging sexual harassment by altering the terms and conditions of her employment, which resulted in Ms. Larry's constructive discharge.

h. Tiffany Bowers was subjected to sexual harassment by Defendant's owner and President Vincent Lawrence in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. The conduct included, but was not limited to, inappropriate sexual and gender based comments such as:, you are "looking good and thick in your jeans, "I do not lift boxes, I only know how to lift a pair of legs"; and touching of her body. Vincent Lawrence is the Defendant's *alter ego* and as such Defendant is liable for the sexual harassment.

i. Defendant terminated Tiffany Bowers in retaliation for her opposition to and/or participation in protected activity against Defendants illegal practices during the pendency of other female employee's sexual harassment charges with EEOC against the Defendant.

   j. Other similarly situated individuals were subjected to sexual harassment by Defendant's owner and President Vincent Lawrence in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. Vincent Lawrence is the Defendant's *alter ego* and as such Defendant is vicariously liable for the sexual harassment.

   k. Other similarly situated individuals were subjected to retaliation for their opposition to Defendant's illegal practices

  8. The effect of the conduct complained of in paragraph 7 above has been to deprive Laretha Dortch-Lord, Kaymi Elder-Manning, Aisha Larry, Tiffany Bowers and other similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their gender.

  9. The effect of the conduct complained of in paragraph 7 above has been to deprive Laretha Dortch-Lord, Kaymi Elder-Manning, Aisha Larry, Tiffany Bowers and other similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees in retaliation for opposition to unlawful employment practices.

  10. The unlawful employment practices complained of in paragraph 7 above were intentional.

  11. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Laretha Dortch-Lord, Kaymi Elder-Manning, Aisha Larry, Tiffany Bowers and other similarly situated individuals

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex and/or opposition to an unlawful employment practice.

B.      Order Defendant, to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, and which eradicate the effects of its past unlawful employment practices.

C.      Order Defendant to make whole Laretha Dortch-Lord, Kaymi Elder-Manning, Aisha Larry, Tiffany Bowers and other similarly situated individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant to make whole Laretha Dortch-Lord, Kaymi Elder-Manning, Aisha Larry, Tiffany Bowers and other similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including out of pocket losses in amounts to be determined at trial.

E.      Order Defendant to make whole Laretha Dortch-Lord, Kaymi Elder-Manning, Aisha Larry, Tiffany Bowers and other similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order Defendant to pay Laretha Dortch-Lord, Kaymi Elder-Manning, Aisha Larry, Tiffany Bowers and other similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully Submitted,

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        DELNER FRANKLIN-THOMAS
        Regional Attorney

        s/Carla J. Von Greiff
        CARLA J. VON GREIFF
        Senior Trial Attorney
        Florida Bar No. 0110566
        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        501 East Polk Street
        Suite 1000
        Tampa, Florida 33602
        Tel. (813) 228-2020 (direct)
        Tel. (813) 228-2310 (general)
        Fax (813) 228-2045