IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>      Plaintiff, <br> and <br><br> AISHA LARRY; LARETHA DORTCH LORD; TIFFANI BOWERS AND KAYMI ELDER-MANNING, <br>      Intervenor-Plaintiffs. <br> v. <br><br> CONSOLIDATION RESOURCE CENTER, INC. <br>      Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> / | CIVIL ACTION NO.: <br> 8:05-CV-01832-SCB-EAJ |
| AISHA LARRY; LARETHA DORTCH LORD; TIFFANI BOWERS AND KAYMI ELDER-MANNING <br>      Plaintiffs, <br><br> v. <br><br> VINCENT LAWRENCE, <br>      Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> / | |

## CONSENT DECREE

1.    This Consent Decree (the "Decree") is made and entered into by and between Plaintiff, the Equal Employment Opportunity Commission (hereinafter referred to as the "Commission" or "EEOC"), Plaintiff-Intervenors Laretha Dortch-Lord, Kaymi Elder-Manning, Aisha Larry, Tiffani Bowers, and Defendant, Consolidation Resources Center Inc. (hereinafter referred to as the "Company or "Defendant"). The Commission, Plaintiff-Intervenors and Consolidation Resources Center Inc. are collectively referred to herein as "the Parties."

1

2.      On September 30, 2005, EEOC initiated this action by filing its Complaint in the United States District Court for the Middle District of Florida, Civil Action No.8:05-CV-01832-SCB-EAJ, based upon charges filed by Laretha Dortch-Lord (EEOC Charges No.'s 150-2003-01564; 150-2003-01816), (EEOC Charge No.15H-A4-00025), Aisha Larry (EEOC Charge No.'s 15H-A4-00041;15H-A4-00049), and Tiffani Bowers (EEOC Charge No.15H-A4-00079). EEOC's Complaint alleges that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, including but not limited to, amendments authorized by the Civil Rights Act of 1991, 42 U.S.C. Section 2000e *et seq.* ("Title VII") by subjecting Ms. Dortch-Lord, Ms. Elder Manning, Ms. Larry and Ms. Bowers to sexual harassment by the co-owner and co-President of the Defendant corporation which was sufficiently severe and pervasive to constitute a hostile, intimidating work environment.  The Complaint further alleges that Defendant subjected Ms. Dortch-Lord, Ms. Elder Manning, Ms. Larry and Ms. Bowers to retaliation for engaging in protected activity by discharging them from their employment.

3.      On January 8, 2006, Laretha Dortch-Lord, Kaymi Elder-Manning, Aisha Larry and Tiffani Bowers intervened in this action and brought claims of sexual harassment and retaliation under Title VII and under the Florida Civil Rights Act of 1992, Section 760.01 *et. seq.*, Fla. Stat. (1997) ("FCRA"); and also brought several other state causes of action.

4.      Defendant denies the allegations raised in the Complaints filed by EEOC and Plaintiff-Intervenors.

5.      In the interests of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding upon the Parties, their successors,

2

affiliates and assigns.

6.    The Parties agree that this Decree resolves all claims alleged against the Defendant in EEOC Charge Numbers 150-2003-01564; 150-2003-01816; 15H-A4-00025; 15H-A4-00041;15H-A4-00049 and15H-A4-00079 and the Complaints filed in this action.

7.    NOW, THEREFORE, the Court having carefully examined the terms and provisions of this Decree, and based on the pleadings filed by the parties, it is ORDERED, ADJUDGED AND DECREED THAT:

**JURISDICTION**

8.    This Court has jurisdiction of the subject matter of this action and over the Parties for the purposes of entering and enforcing this Decree.

9.    No party shall contest jurisdiction of this federal court to enforce this Decree and its terms or the right of the EEOC to seek enforcement in the event Defendant breaches any of the terms of this Decree.

**GENERAL PROVISIONS**

10.    Defendant, its officers, employees, and its successors, affiliates and assigns are hereby enjoined from engaging in conduct which violates Title VII of the Civil Rights Act of 1964, as amended, by adversely affecting the terms and conditions of any individual's employment because of their gender.

11.    Defendant, its officers, employees, and its successors, affiliates and assigns are hereby enjoined from discriminating against any employee who opposes any of Defendant's practices which the employee believes to be unlawful employment discrimination, who files a charge of discrimination with the EEOC alleging violation(s) of such statute; who cooperates with

3

the EEOC in the investigation and/or prosecution of any charge of discrimination; or who cooperated in the investigation or prosecution of this case.

## DISCRIMINATION POLICY AND TRAINING

12.    Defendant will adopt a written policy against sexual harassment by November 30, 2006 to be submitted to EEOC for review and approval. If within thirty (30) days of Defendant's submission, EEOC and Defendant have not reached agreement on the policy, the parties will submit to the Court for resolution. Defendant agrees that all of its employees and managers will be provided a complete copy of its policy against sexual harassment within fifteen (15) days of final adoption of the policy. Defendant also agrees that all new employees shall be given a copy of its policy against sexual harassment within their first week of employment with the Defendant.

13     In order to further ensure the effective implementation of Defendant's anti-discrimination policy, Defendant will conduct a three (3) hour annual training for all of its managers and supervisory personnel with specific emphasis on recognizing harassment, on acts that could constitute retaliation, and on the proper procedure to be followed if they become aware of harassment in the workplace or if they receive complaints of discrimination. Defendant agrees to provide the EEOC, at least two weeks notice before it conducts its training session(s), with the date(s) and location(s) of the training, the identification of the training materials to be used at the training session, and a general description of the category of employees who will be in attendance at the training. The training will be conducted by an individual selected by Defendant's counsel and approved by EEOC. Additionally, Defendant agrees that the EEOC shall, at the EEOC's discretion, be in attendance at each training session(s).

14.    Defendant agrees that co-President Vincent Lawrence will be present at each and

4

every training conducted pursuant to this paragraph for the entire duration of the training.

15.     Defendant agrees that the training described in paragraph 13 shall be conducted within sixty (60) days of the entry of this Decree. And, should thereafter take place annually in the same format, by November 30, for the duration of this Decree. Defendant further agrees that the discrimination policy and training materials utilized for the training described in paragraph 13 shall be presented to and explained to all new managers and supervisors, who did not attend the annual training, within thirty (30) days of being placed in a management or supervisory position.

### POSTING

16.     Defendant will post a laminated 11 x 14 copy of the Notice, attached as Exhibit A, no later than November 30, 2006. Said notice shall be posted at Defendant's Pinellas Park office for the duration of this Decree in a conspicuous location accessible to all employees such as an employee bulletin board and/or break/lunch room.

### MONITORING

17.     Defendant will retain all employment and/or investigative records relating in any way to any complaint or allegation of harassment for the duration of this Decree and as required under federal law.

18.     Defendant will certify to the EEOC semi-annually throughout the duration of this Decree that it is in compliance with all aspects of this Decree. The first such certification will be due no later than thirty(30) days from the first training provided pursuant to paragraph 13. With each certification Defendant will further provide the EEOC with the name, address, and phone number of any person who alleges they have been harassed while working for Defendant during the preceding six month period. Defendant will also state the actions taken in response to each such

allegation and provide any and all documentation associated with such complaint. The certifications required to be submitted to the EEOC pursuant to this Consent Decree shall be mailed with the notation CONSOLIDATION RESOURCE CENTER, INC. to: United States Equal Employment Opportunity Commission, Attention: Office of the Regional Attorney, 1 Biscayne Tower, Suite 2700, 2 South Biscayne Boulevard, Miami, Fl 33131.

### MONETARY RELIEF

19.     Defendant agrees to pay a total amount of $180,000.00 to resolve this litigation. The payments referenced herein shall issue within fifteen (15) calendar days of the Court's execution of this Decree and be distributed as set forth below in Exhibit B attached hereto.

20.     If Defendant fails to tender the above-mentioned payments as set forth in paragraph 19 above and Exhibit B, then Defendant shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. Section 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

### ENFORCEMENT OF DECREE

21.     The Commission shall have independent authority to seek the judicial enforcement of any aspect, term or provision of this Decree.

### COSTS

22.     Each Party shall bear its own costs associated with this litigation.

### DURATION OF CONSENT DECREE

23.     The duration of this Decree shall be two (2) years from the date of entry of the Decree.

24.     The Court will take whatever measures necessary to effectuate the terms of this

6

Decree.

**SO ORDERED, ADJUDGED AND DECREED**, this 6ᵗʰ day of November, 2006.

SUSAN BUCKLEW
UNITED STATES DISTRICT JUDGE

AGREED TO:
FOR THE PLAINTIFF,
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

by:     s/ Gregory Gochanour          Date:   October 31, 2006
        Gregory Gochanour
        Acting Regional Attorney
        U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
        Miami District Office
        One Biscayne Tower, Suite 2700
        2 South Biscayne Boulevard
        Miami, Florida  33131
        Telephone: (305) 530-6001
        Facsimile:  (305) 536-4494

AGREED TO:
FOR PLAINTIFF INTERVENORS DORTCH-LORD, ELDER-MANNING AND BOWERS

by:     s/ Patrice A. Pucci          Date: October 31, 2006
        Patrice A. Pucci
        Florida Bar No. 521991
        Attorney for Intervenors Dortch-Lord, Elder-Manning and Bowers
        Patrice A. Pucci, P.A.
        2719 1ˢᵗ Avenue North
        St. Petersburg,  Florida 33713
        Telephone. (727) 894-4516
        Facsimile: (727) 31-3829

7

AGREED TO:
FOR PLAINTIFF INTERVENOR LARRY

by: s/ Theodore "Ted" E. Karatinos Date: October 31, 2006
   Theodore "Ted" E. Karatinos
   Florida Bar No. 0983209
   Attorney for Intervenor Larry
   Holliday, Bomhoff and Karatinos. P.L.
   5327 Commercial Way
   Suite D-122
   Spring Hill, Florida 34606
   Telephone. (813) 868-1887
   Facsimile: (352) 597-8600


AGREED TO:
FOR THE DEFENDANT:
CONSOLIDATION RESOURCES CENTER, INC.

by: s/ Christie Arkovich Date: October 31, 2006
   Christie D. Arkovich
   Florida Bar No. 963690
   Attorney for Defendant
   Law Offices of Christie Arkovich
   1520 West Cleveland Steet
   Tampa, Florida 33606
   Telephone. (813) 258-2808
   Facsimile: (813) 258-5911

AGREED TO:
FOR THE DEFENDANT:
CONSOLIDATION RESOURCES CENTER, INC

by:_____          Date: 11/1/06
      Douglas Lang, as guarantor and as
      Co-President, Consolidation Resources Center, Inc.


AGREED TO:
FOR THE DEFENDANT:
CONSOLIDATION RESOURCES CENTER, INC

by:_____          Date: 11/1/06
      Vincent Lawrence, as guarantor and as
      Co-President, Consolidation Resources Center, Inc.

9

**EXHIBIT A**
**NOTICE TO ALL EMPLOYEES**
**POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE**
**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND**
**CONSOLIDATION RESOURCES CENTER, INC.**

This notice is being posted pursuant to a Consent Decree entered by the Court in U.S. EEOC et al. v. Consolidation Resources Center, Inc. Civil Action No.8:05-CV-01832-SCB-EAJ. The EEOC alleged that Consolidation Resources Center violated Title VII of the Civil Rights Act of 1964, with respect to four employees. Consolidation Resources Center denied all allegations in the suit.

Pursuant to the Consent Decree, Consolidation Resources Center, Inc. has agreed that it will not discriminate against employees in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII protects individuals from employment discrimination because of their race, religion, color, national origin, or sex. Consolidation Resources Center, Inc will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws.

Furthermore, Consolidation Resources Center, Inc, assures its employees that it supports Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with the EEOC. Appropriate corrective action, up to and including termination, shall be taken against any employee (including management personnel) found to violate the policies regarding discrimination, based upon the circumstances involved.

This notice shall remain posted for two (2) years from the date signed. Employees or applicants for employment who have questions about their rights under Title VII or any other federal anti-discrimination law may telephone the Miami District Office of the Equal Employment Opportunity Commission at 1-800-669-4000.

Signed this _____ day of _____, 2006.

_____
CO-PRESIDENT, CONSOLIDATION RESOURCES CENTER, INC


DO NOT REMOVE BEFORE _____ 2008

### EXHIBIT B
### MONETARY DISTRIBUTION

In order to resolve <u>EEOC et al. v. Consolidation Resources Center, Inc.</u>, Civil Action No.8:05-CV-01832-SCB-EAJ, Consolidation Resources Center, Inc. shall pay the total amount of $ 180,000.00 to be distributed as follows:

(A)    Defendant will pay Laretha Dortch-Lord $ 45,000.00, and will issue an I.R.S. form 1099 itemizing same.

(B)    Defendant will pay Kaymi-Elder Manning $ 45,000.00, and will issue an I.R.S. form 1099 itemizing same.

(C)    Defendant will pay Tiffani Bowers $ 45,000.00, and will issue an I.R.S. form 1099 itemizing same.

(D)    Defendant will pay Aisha Larry  $ 45,000.00, and will issue an I.R.S. form 1099 itemizing same.

(E)    The payments to the Plaintiff-Intervenors Dortch-Lord, Elder-Manning and Bowers shall be made by check in their individual name and to Patrice A. Pucci, P.A. their attorney and forwarded to Patrice A. Pucci, Esq., 2719 1st Ave. N., St. Petersburg, FL 33713, by certified mail with a return receipt requested. The payments to Plaintiff-Intervenor Larry shall be made by check in her individual name and Theodore Karatinos, her attorney and forwarded to Theodore Emanuel Karatinos, Esq., Holliday, Bomhoff & Karatinos, P.L., 5327 Commercial Way, Suite D-122, Spring Hill, FL 34606, by certified mail with a return receipt requested.

(F)    A copy of the checks referenced above shall be forwarded to the attention of Carla Von Greiff, Senior Trial Attorney, U.S. Equal Employment Opportunity Commission, 501 East Polk Street, Suite 1000, Tampa, Florida 33611.